*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. MOJICA-HOWARD, Minor.

UNPUBLISHED
June 16, 2026
9:57 AM

No. 378314
Ingham Circuit Court
Family Division
LC No. 2025-001423-NA

Before: GADOLA, C.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

Respondent appeals as of right the order by which the trial court assumed jurisdiction under MCL 712A.2(b) of AMH, one of respondent's minor children. We affirm.

## I. FACTS

Petitioner, the Department of Health and Human Services (DHHS), petitioned to remove AMH from respondent's care on March 19, 2025. At that time, the child's mother[1] had sole legal and physical custody of the child and coordinated parenting time with respondent on an informal basis. Following a preliminary hearing, the trial court ordered the child removed from respondent's care and released the child to his mother's care, under the supervision of Intensive Neglect Services (INS). The child later was removed from his mother's care after she refused to cooperate with INS and Children's Protective Services (CPS).

Respondent requested that the child be placed with him and his fiancée, with whom respondent has two other children. CPS conducted two home visits with respondent and found that respondent's home was suitable. CPS nonetheless recommended against placing the child with respondent because of allegations of ongoing domestic violence by respondent against the child's mother.

---

[1] The child's mother is not a party to this appeal.

-1-

At the adjudication hearing, the trial court heard testimony from police officers, CPS employees, and the child's mother about respondent's history of domestic assaults and other criminal behavior. The child's mother testified that respondent had assaulted her at least 10-12 times in the past. She testified that in January 2025, respondent entered her home while she and her children were away and ransacked her bedroom. On another occasion in January 2025, respondent entered her home, physically assaulted her, then left with her cell phone. She further testified that in September 2024, respondent hit her while she was in her home, and the child was playing outside. Respondent denied most of the allegations but admitted that he had gone to prison in the past for assaulting the child's mother.

Respondent also admitted that he drove without a license to pick up one of his other children from school. During a preliminary hearing before the trial court referee, respondent was participating by Zoom when the referee observed that respondent was actively driving his car. Respondent explained that he was on his way to pick up one of his other children from school. The referee directed respondent to stop driving while participating in the hearing. Respondent later admitted that he did not have a driver's license.

The trial court found the allegations of domestic assault credible and found that respondent's testimony lacked credibility, noting that respondent was argumentative and denied even those allegations that were thoroughly substantiated. The trial court therefore found that a preponderance of the evidence demonstrated grounds to exercise jurisdiction over the child under MCL 712A.2(b)(1) (substantial risk of harm to child's mental wellbeing), and MCL 712A.2(b)(2) (unfit home or environment due to cruelty, depravity, or criminality by a parent), in light of respondent's historical and ongoing domestic violence with the child's mother. Respondent now appeals.

II. ANALYSIS

Respondent contends that the trial court erred when it found that one or more statutory bases for jurisdiction over the child had been established by a preponderance of the evidence. Respondent argues that evidence was presented that his home with his two other children is stable and free from domestic violence and that he had not recently engaged in domestic assaults with the child's mother. We disagree that the trial court erred.

Whether a trial court can exercise jurisdiction over a child is a question of law that this Court reviews de novo, *In re Hull*, 345 Mich App 562, 567; 7 NW3d 114 (2023), while we review for clear error the trial court's decision to exercise jurisdiction in light of the trial court's findings of fact, *In re Lange*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket No. 166509); slip op at 6. A finding of fact is clearly erroneous when the Court is left with a definite and firm conviction that the trial court made a mistake, *id*., giving consideration to the trial court's opportunity to observe the witnesses, *In re Sandborn*, 337 Mich App 252, 272; 976 NW2d 44 (2021).

Generally, child protective proceedings are divided into two phases. *In re Lange*, ___ Mich at ___ ; slip op at 6. The first phase is the adjudicative phase in which the trial court determines whether to assume jurisdiction over the child. The second phase is the dispositional phase in which the trial court determines the action it will take regarding the child. *Id*. To assume jurisdiction over a child, the trial court must find that at least one of the bases for jurisdiction set forth in MCL

-2-

712A.2(b) has been established by a preponderance of evidence. See *In re Boshell/Shelton*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 371973); slip op at 3. The preponderance of the evidence standard requires that the evidence supporting a proposition, when weighed against the evidence against the proposition, has more convincing force and the greater probability of truth. *In re Surline*, 515 Mich 953, 969 (2024) (WELCH, J., dissenting).

MCL 712A.2(b) provides, in relevant part, that the trial court has jurisdiction over a juvenile

> (1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, **who is subject to a substantial risk of harm to his or her mental well-being**, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .

> * * *

> (2) Whose home or environment, by reason of neglect, **cruelty**, drunkenness, **criminality**, or **depravity** on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in. . . . [Emphasis added.]

In this case, a preponderance of the evidence supported the trial court's finding of a statutory basis for jurisdiction. Evidence was introduced that respondent had engaged in multiple criminal acts inside the home of the child's mother, including stealing her phone, ransacking her bedroom, and repeatedly assaulting her, with the most recent assault occurring in January 2025. Domestic violence in a home "reflects cruelty, criminality, and depravity on the part of [the abuser]," and "a home where domestic violence repeatedly occurs is not a fit environment in which to raise a child." *In re Sluiter*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368266), slip op at 15-16. Here, the testimony suggests that not all of the domestic violence occurred in front of AMH. However, "[there] is no provision in the statute that requires such behavior be conducted in front of the child." *Id.* at ___; slip op at 16.

Although evidence was introduced suggesting that respondent's home is a suitable environment for his other children, the evidence also supports the finding that respondent within that same time frame failed to maintain a stable home environment for *this* child. Respondent engaged in criminality and domestic assaults toward the child's mother in the child's home environment, which created a substantial risk of harm to the child's mental wellbeing and thereby rendered respondent's home unfit for the child. The trial court did not clearly err when it found statutory bases existed warranting the trial court's exercise of jurisdiction over the child.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Anica Letica